Timothy G. Williams
California State Bar No. 193810
*williams@popeberger.com*
Stephanie Reynolds
California State Bar No. 220090
*reynolds@popeberger.com*
**POPE, BERGER,**
**WILLIAMS & REYNOLDS, LLP**
401 B Street, Suite 2000
San Diego, California 92101
Telephone: (619) 595-1366
Facsimile: (619) 236-9677

Attorneys for Plaintiffs NEAL PATAKY,
JESSICA CLEEK, and
LAUREN MICHELSON, individually,
and on behalf of others similarly situated

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEAL PATAKY, JESSICA CLEEK, and LAUREN MICHELSON, individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE BRIGANTINE, INC., a California corporation,<br><br>Defendant. | Case No.: **'17CV352 GPC AGS**<br>Class Action<br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES, RESTITUTION, AND OTHER RELIEF**<br><br>Demand for Jury Trial |

Plaintiffs NEAL PATAKY, JESSICA CLEEK, and LAUREN MICHELSON, individually, and on behalf of others similarly situated, file this Complaint against THE BRIGANTINE, INC., a California corporation:

### I. GENERAL ALLEGATIONS

1. Plaintiffs NEAL PATAKY, JESSICA CLEEK, and LAUREN MICHELSON, are each individuals who reside, and at all times relevant hereto have resided in the State of California, County of San Diego. Plaintiffs NEAL PATAKY,

- 1 -

1  JESSICA CLEEK, and LAUREN MICHELSON allege that the work performed which is the subject of this action was performed by each of them in the State of California, County of San Diego, within the four years before the filing of this Complaint. Plaintiffs NEAL PATAKY, JESSICA CLEEK, and LAUREN MICHELSON further allege that they each earned tip income for such work performed which is the subject of this action in the State of California, County of San Diego, within the four years before the filing of this Complaint. Plaintiffs NEAL PATAKY, JESSICA CLEEK, and LAUREN MICHELSON further allege that the damages owed to each of them in this action, arising under federal and California laws, were as a result of work performed and tip income earned in the State of California, County of San Diego, within the four years before the filing of this Complaint. Plaintiffs NEAL PATAKY, JESSICA CLEEK, and LAUREN MICHELSON bring this action to recover damages they allege are owed to each of them, as described herein.

2. Plaintiffs NEAL PATAKY, JESSICA CLEEK, and LAUREN MICHELSON allege that at all times relevant hereto, the other similarly situated individuals on whose behalf they also bring this Complaint performed work which is the subject of this action in the State of California, County of San Diego, within the four years before the filing of this Complaint. Plaintiffs NEAL PATAKY, JESSICA CLEEK, and LAUREN MICHELSON further allege that at all times relevant hereto, the other similarly situated individuals on whose behalf they also bring this Complaint earned tip income for such work performed which is the subject of this action in the State of California, County of San Diego, within the four years before the filing of this Complaint. Plaintiffs NEAL PATAKY, JESSICA CLEEK, and LAUREN MICHELSON further allege that the damages owed to the other similarly situated individuals on whose behalf they also bring this Complaint, arising under federal and California laws, were as a result of work performed and tip income earned in the State of California, County of San Diego, within the four years before the filing

of this Complaint. Plaintiffs NEAL PATAKY, JESSICA CLEEK, and LAUREN MICHELSON bring this action to recover damages they allege are owed to each of the other similarly situated individuals on whose behalf they also bring this Complaint, as described herein.

3. Plaintiffs NEAL PATAKY, JESSICA CLEEK, and LAUREN MICHELSON individually, and on behalf of others similarly situated (collectively, "Plaintiffs") are informed and believe and thereon allege that Defendant THE BRIGANTINE, INC., a California corporation ("Brigantine") is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of California. Plaintiffs are informed and believe and thereon allege that Brigantine is, and at all times relevant hereto was, qualified to transact and conduct business in the State of California, County of San Diego. Plaintiffs further allege that at all times relevant hereto Brigantine did and still does transact and conduct business in the State of California, County of San Diego. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto Brigantine did and still does maintain offices and transact business in the State of California, County of San Diego; specifically, Plaintiffs are informed and believe, and thereon allege that Brigantine maintains its corporate office and headquarters at 7889 Ostrow St., San Diego, California 92111.

4. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto Brigantine has owned and operated, and still does own and operate restaurants in the State of California, County of San Diego, advertised as "The Brigantine Family of Restaurants," including but not limited to: six restaurants operated under the name "Brigantine Seafood" in Coronado, Escondido, Point Loma, Del Mar, La Mesa and Poway; and six restaurants operated under the name "Miguel's Cocina" in 4S Ranch, Carlsbad, Coronado, Eastlake, Old Town, and Point Loma. Plaintiffs are further informed and believe and thereon allege that at all times relevant hereto Brigantine has employed all of its employees who work at all of its restaurants,

whether "Brigantine Seafood" or "Miguel's Cocina," under the corporation "The Brigantine, Inc." Plaintiffs are further informed and believe and thereon allege that at all times relevant hereto Brigantine has paid all of its employees who work at all of its restaurants, whether "Brigantine Seafood" or "Miguel's Cocina," through payroll by "The Brigantine, Inc." Plaintiffs are further informed and believe and thereon allege that at all times relevant hereto Brigantine has implemented common or identical employment policies and procedures related to its employees at "Brigantine Seafood" and "Miguel's Cocina" restaurants, including but not limited to one or more "Employee Handbooks" that are identified as applying to all employees of both restaurants (among others) and certain policies and procedures related to "tip pooling" among employees.

5. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto Plaintiffs' employment for Brigantine has been subject to the federal Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), because Plaintiffs had and have an employment relationship with Brigantine; because Plaintiffs and Brigantine satisfy both the "individual coverage" and "enterprise coverage" criteria of the FLSA; and because the work performed by Plaintiffs for Brigantine which is the subject of this action occurred in the State of California, County of San Diego. Therefore, at all times relevant hereto Brigantine had, and still has, an obligation to comply with the FLSA as it relates to Plaintiffs' employment.

6. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto Plaintiff's employment for Brigantine has also been subject to the California Labor Code, the California Business & Professions Code, and the California Code of Regulations as contained in California Industrial Welfare Commission Wage Order No. 5-2001, originally and as amended, because the work performed by Plaintiffs for Brigantine which is the subject of this action occurred in the State of California, County of San Diego. Therefore, at all times relevant hereto Brigantine had, and still has, an obligation to comply with these California laws as

it relates to Plaintiffs' employment.

7. Plaintiffs are informed and believe and thereon allege that Brigantine is, and was at all times relevant hereto, each and every Plaintiffs' employer for purposes of the federal and California employment laws at issue in this action. Plaintiffs are further informed and believe and thereon allege because of the work performed and damages owed to Plaintiffs in this action, that this Court is the proper Court for adjudication of Plaintiffs' claims because, among other factors, Brigantine's obligations and liabilities to Plaintiffs arose from acts committed in violation of federal law in the State of California, County of San Diego. Plaintiffs are further informed and believe and thereon allege that Brigantine is subject to the jurisdiction of the United States District Court for the Southern District of California, and specifically may be sued by Plaintiffs in this Court for the violations of the FLSA and California laws alleged herein.

8. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto Brigantine did employ and/or still does employ Plaintiffs as "servers," who provided and still provide direct table service to Brigantine's customers at "Brigantine Seafood" restaurants and at "Miguel's Cocina" restaurants under job titles such as "food servers," "cocktail servers," and similar titles with similar job descriptions and responsibilities. In the course of Plaintiffs' work for Brigantine as servers, they have earned and been paid tips from Brigantine's customers. As part of Plaintiffs' employment for Brigantine, Brigantine imposed mandatory "tip pooling" policies requiring Plaintiffs to "tip out" part of their earned tip income to other employees of Brigantine, including to other employees of Brigantine who do not provide "direct table service" to customers such as Brigantine's kitchen staff. Brigantine has, at times, made efforts to disguise its tip pooling policy as "voluntary" or "suggested," but in reality Brigantine's tip pooling policy was and is mandatory because, among other reasons, Brigantine and its agents and employees verbally directed Plaintiffs to follow its tip pooling guidelines and tip out to kitchen staff,

- 5 -

Brigantine kept records of Plaintiffs' tips, Brigantine collected tips from Plaintiffs to distribute to kitchen staff, Brigantine coerced and intimidated Plaintiffs into following its tip pooling guidelines and tip out to kitchen staff, and/or Brigantine retaliated against Plaintiffs who refused to follow its tip pooling guidelines and tip out to kitchen staff. Under Brigantine's tip pooling policies and practices, Plaintiffs tipped out significant portions of their earned tip income to other employees, including kitchen staff, who did not provide direct table service.

  9. It is unlawful under the FLSA for an employer to compel an employee to "pool" their tips and pay any part of earned tip income to any other employee who does not "customarily and regularly receive tips." 29 U.S.C. §§ 203(m), 206. The federal Department of Labor, and the Ninth Circuit Court of Appeals have declared that under the FLSA, Sections 203(m) and 206, employees cannot be forced to share tips with employees who do not provide "direct table service" to customers, such as "kitchen staff," in places where the kitchen staff does not customarily and regularly receive tips. See, e.g., *Oregon Restaurant and Lodging Ass'n v. Perez* (9th Cir. 2016) 816 F.3d 1080, 1090, reh'g. den. and reh'g. en banc den., 843 F.3d 355, pet. for cert. filed *sub nom*. Aug. 1, 2016, No. 16-163, *Wynn Las Vegas, LLC, et al. v. Joseph Cesarz, et al*.; see also pet. for cert. filed *sub nom*. Jan. 19, 2017, No. 16-920, *National Restaurant Association, et al. v. Department of Labor, et al*.

> In 2011, . . . the DOL promulgated new rules to make it clear that tips are the property of the employee. *Id.* at 18, 841-42; 29 C.F.R. §§ 531.52, 531.55, 531.59. Specifically, the DOL revised 29 C.F.R. § 531.52 by replacing the sentence:
>> In the absence of an agreement to the contrary between the recipient and a third party, a tip becomes the property of the person in recognition of whose service it is presented by the customer.
>
> with the following language:

> Tips are the property of the employee whether or not the employer has taken a tip credit under section [20]3(m) of the FLSA. The employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in section [20]3(m): As a credit against its minimum wage obligations to the employee, or in furtherance of a valid tip pool.
>
> *Compare* 32 Fed.Reg. 13,575, 13,580 (Sept. 28, 1967), *with* 29 C.F.R. § 531.52 (2011). The 2011 rule expressly prohibits the use of a tip pool that violates section 203(m) regardless of whether an employer uses a tip credit.

*Oregon Restaurant and Lodging Ass'n, supra*, 816 F.3d at p. 1085. Therefore, Plaintiffs bring this action as an employment "collective action" under the FLSA, 29 U.S.C. Sections 203(m), 206, and 216(b), against Brigantine to recover tip monies owed under federal law, as a result of Brigantine's unlawful employment policies of requiring Plaintiffs to tip out their earned tip income to other employees of Brigantine who did not and do not provide "direct table service" to customers, e.g., Brigantine's kitchen staff. Plaintiffs seek all remedies to which they are entitled under federal law, and reserve the right to name additional potential representatives.

10. A violation of the FLSA serves as a "predicate violation" of California Business & Professions Code Section 17200, et seq., meaning that a defendant's violations of the FLSA triggers separate liability under Section 17200, et seq., because the FLSA contains a "savings clause" that allows states to provide more protection than federal law. See *Williamson v. General Dynamics* (9th Cir. 2000) 208 F.3d 1144, 1150, citing 29 U.S.C. § 218(a), cert. den. (2000) 531 U.S. 929; see also *Pacific Merchant Shipping Ass'n v. Aubry* (9th Cir. 1990) 918 F.2d 1409, 1418, cert. den. (1992) 504 U.S. 979 (the FLSA does not preempt California from applying its

own overtime laws); *Burden v. SelectQuote Ins. Services* (N.D.Cal. 2012) 2012 WL 2119405, at *4 (California Business & Professions Code Section 17200, et seq. claims " 'borrow' the provisions of the FLSA. In other words, the alleged violations of the FLSA are tantamount to violations of California law."); *Tomlinson v. Indymac Bank* (C.D.Cal. 2005) 359 F.Supp.2d 898, 900 (finding that while non-opt-in claimants "are procedurally barred from bringing a claim under the FLSA[,] . . . they nevertheless may pursue their independent UCL claim."). Accord, *Thorpe v. Abbott Labs., Inc.* (N.D.Cal. 2008) 534 F.Supp.2d 1120, 1125; *Takacs v. A.G. Edwards and Sons, Inc.* (S.D.Cal. 2006) 444 F.Supp.2d 1100, 1116-18; *Bahramipour v. Citigroup Global Markets, Inc.* (N.D.Cal. 2006) 2006 WL 449132, *4-*5; *Barnett v. Washington Mut. Bank,* FA (N.D.Cal. 2004) 2004 WL 2011462, *6-*7; *Harris v. Investors Business Daily, Inc.* (2006) 138 Cal.App.4th 28, 28-31. Therefore, Plaintiffs are entitled to seek restitutionary relief under California Business & Professions Code Section 17200, et seq., and also bring this action as an employment "class action" under Federal Rules of Civil Procedure, Rule 23, against Brigantine to recover tip monies owed under California law as a result of Brigantine's unlawful employment policies of requiring Plaintiffs to tip out their earned tip income to other employees of Brigantine who did not and do not provide "direct table service" to customers, e.g., Brigantine's kitchen staff. Plaintiffs seek all remedies to which they are entitled under such California law, and reserve the right to name additional potential representatives. This Court may exercise supplemental jurisdiction over Plaintiffs' state law claims governed by Rule 23 "opt out" provisions, because the case is predicated on federal question jurisdiction of a federal claim requiring an "opt in" class under the FLSA, as the two claims are not mutually exclusive. See, e.g., *Busk v. Integrity Staffing Solutions, Inc.* (9th Cir. 2013) 713 F.3d 525, 528, judgment revd. on other grounds *sub nom.*, *Integrity Staffing Solutions, Inc. v. Busk* (2014) 135 S.Ct. 513.

11. At all relevant times alleged herein, Plaintiffs were employed by Brigantine under employment agreements that were partly written, partly oral, and

partly implied. In perpetrating the acts and omissions alleged herein, Brigantine acted pursuant to and in furtherance of policies and practices of unlawfully requiring servers to tip out to other employees, such as kitchen staff, who did not provide direct table service to Brigantine's customers, and who did not customarily and regularly receive tips. Such acts were, and are, in violation of the FLSA, 29 U.S.C. Sections 203(m) and 206, and the California Business and Professions Code, Sections 17200, et seq. As a direct and proximate result of the unlawful actions of Brigantine, Plaintiffs have suffered and continue to suffer from loss of their tips in amounts not yet ascertained, but subject to proof at trial.

**II. COLLECTIVE ACTION AND CLASS ACTION ALLEGATIONS**

12. Plaintiffs hereby reallege, and incorporate by reference in this Section as though set forth fully herein, the allegations above.

13. Plaintiffs allege this action is appropriately suited for an "opt in" collective action under the FLSA, 29 U.S.C. § 216(b), for violations of 29 U.S.C. Sections 203(m) and 206 (a "Collection Action") against Brigantine, because:

    A. NEAL PATAKY, JESSICA CLEEK, and LAUREN MICHELSON (the "Named Plaintiffs") propose to represent themselves and all other servers who have worked at Brigantine within the three years before the filing of this Complaint, for violations of the FLSA (i.e., the Collective Action Plaintiffs). The potential group of such Collective Action Plaintiffs includes a significant number of such individuals, because the Named Plaintiffs are informed and believe, and thereon allege that within the three years before the filing of this Complaint, Brigantine has employed hundreds of people as servers at its various restaurants who are eligible to comprise the group of Collective Action Plaintiffs. Named Plaintiffs further allege that Collective Action Plaintiffs are a group of numerous current and former employees who were each subjected to the same or similar unlawful practices and

policies alleged herein. Each member of this potential group of Collective Action Plaintiffs must affirmatively consent to join in this action to pursue FLSA remedies.

    B.    This Collective Action involves common questions of law and/or fact which predominate over individual issues, because the action focuses on Brigantine's common tip pooling practices and policies in California applied to the Collective Action Plaintiffs in violation of the FLSA.

    C.    The claims of each of the three Named Plaintiffs (and as yet other unnamed Class Representatives) are also typical of the claims of the Collective Action Plaintiffs because Brigantine subjected all of their servers to similar and/or identical violations of the FLSA.

    D.    Each of the Named Plaintiffs (and as yet other unnamed Class Representatives) are able to fairly and adequately protect and advance the interests of all members of the Collective Action in one action, because it is in their best interests to prosecute the claims alleged herein to obtain full compensation due to Collective Action Plaintiffs for all tips they were unlawfully forced to distribute under Brigantine's tip pooling policies and procedures that violated the FLSA.

14.    Plaintiffs allege this action is also appropriately suited for an "opt out" class action under Fed. R. Civ. P. 23, for violations of 29 U.S.C. Sections 203(m) and 206, and by extension, California Business & Professions Code Section 17200, et seq. (a "Class Action") against Brigantine, because:

    A.    The Named Plaintiffs propose to represent themselves and all other servers who have worked at Brigantine within the four years before the filing of this Complaint, for violations of the California Business & Professions Code Section 17200, et seq. (i.e., the Class Action Plaintiffs). The potential group of such Class Action Plaintiffs

includes a significant number of such individuals, because the Named Plaintiffs are informed and believe, and thereon allege that within the four years before the filing of this Complaint, Brigantine has employed hundreds of people as servers at its various restaurants who will comprise the group of Class Action Plaintiffs. Named Plaintiffs further allege that Class Action Plaintiffs are a group of numerous current and former employees who were each subjected to the same or similar unlawful practices and policies alleged herein. The Class Action class may consist of several hundred members, and joinder of all such current and former employees to pursue the Class Action claims would be impracticable.

B. This Class Action involves common questions of law and/or fact which predominate over individual issues, because the action focuses on Brigantine's common tip pooling practices and policies in California applied to the Class Action Plaintiffs in violation of the FLSA, which establish violations of the California Business and Professions Code.

C. The claims of each of the three Named Plaintiffs (and as yet other unnamed Class Representatives) are also typical of the claims of the Class Action Plaintiffs because Brigantine subjected all of their servers to similar and/or identical violations of the FLSA, which establish violations of the California Business and Professions Code.

D. Each of the Named Plaintiffs (and as yet other unnamed Class Representatives) are able to fairly and adequately protect and advance the interests of all members of the Class Action in one action, because it is in their best interests to prosecute the claims alleged herein to obtain full compensation due to Class Action Plaintiffs for all tips they were unlawfully forced to distribute under Brigantine's tip pooling

policies and procedures that violated the FLSA, which establish violations of the California Business and Professions Code.

      E.    An opt out class action would be a superior means to adjudicate the Class Action Plaintiffs' claims and Brigantine's defenses to the alleged violations of the FLSA, which establish violations of the California Business and Professions Code.

### III. PLAINTIFFS' COUNTS
### COUNT ONE:
### VIOLATIONS OF THE FEDERAL FAIR LABOR STANDARDS ACT, 29 U.S.C. SECTIONS 203(M) AND 206
**(By Named Plaintiffs and All Collective Action Plaintiffs, Against Brigantine)**

15. Plaintiffs hereby reallege, and incorporate by reference in this Count, as though set forth fully herein, the allegations contained above. This Count is pled by the Named Plaintiffs and all Collective Action Plaintiffs, against Brigantine.

16. Within the three years before the filing of this Complaint, Brigantine employed Named Plaintiffs and Collective Action Plaintiffs as servers in the State of California, to conduct and transact Brigantine's restaurant business. Specifically, Named Plaintiffs and Collective Action Plaintiffs serve food and drinks to Brigantine's customers, for which they have received tips from customers.

17. Named Plaintiffs and Collective Action Plaintiffs' employment for Brigantine is covered and governed by the FLSA, 29 U.S.C. Sections 201, et seq., inclusive of Sections 203(m) and 206 which regulate employee tips. Tips are the property of the employee under the FLSA. Employers are prohibited from using an employee's tips for any reason other than that which is statutorily permitted, and may not compel an employee to share his or her tips in a tip pool unless the employer's tip pool meets the FLSA's criteria. Under the FLSA, a tip pool is unlawful if it forces employees to pool their tips and pay any part of earned tip income to any other employee who does not customarily and regularly receive tips, such as employees

who do not provide direct table service to customers, like kitchen staff.

18. As part of Named Plaintiffs and Collective Action Plaintiffs' employment for Brigantine, and in violation of the FLSA, Brigantine imposed a mandatory tip pooling policy requiring them to tip out part of their earned tip income to other employees of Brigantine, including to other employees of Brigantine who do not provide direct table service to customers, including but not limited to Brigantine's kitchen staff. Brigantine made efforts to disguise its tip pooling policy as "voluntary" or "suggested," but in reality Brigantine's tip pooling policy was and is mandatory because, among other reasons, Brigantine and its agents and employees verbally directed Named Plaintiffs and Collective Action Plaintiffs to follow its tip pooling guidelines and tip out to kitchen staff, Brigantine kept records of Plaintiffs' tips, Brigantine collected tips from Plaintiffs to distribute to kitchen staff, Brigantine coerced and intimidated Named Plaintiffs and Collective Action Plaintiffs into following its tip pooling guidelines and tip out to kitchen staff, and/or Brigantine retaliated against Named Plaintiffs and Collective Action Plaintiffs who refused to follow its tip pooling guidelines and tip out to kitchen staff. Under Brigantine's tip pooling policies and practices, Plaintiffs tipped out significant portions of their earned tip income to other employees, including kitchen staff, who did not provide direct table service. All such acts by Brigantine violated the FLSA, 29 U.S.C. Sections 203(m), and 206.

19. As a direct and proximate result of Brigantine's unlawful tip pooling policy, Named Plaintiffs and Collective Action Plaintiffs have suffered and continue to suffer substantial financial losses, all to their respective damage in amounts according to proof at time of trial because they were compelled to pay tip income they earned to other Brigantine employees in violation of the FLSA. Named Plaintiffs and Collective Action Plaintiffs are entitled to recover all lost tip income, and/or nominal, actual and compensatory damages in amounts according to proof at time of trial from Brigantine.

20. Named Plaintiffs and Collective Action Plaintiffs allege that Brigantine's failure to comply with the FLSA regarding tip pooling was knowing and intentional, and that Brigantine has refused to comply with the FLSA for false and fraudulent reasons. Such acts were committed willfully, maliciously, oppressively, and fraudulently, with the wrongful and deliberate intention of injuring Named Plaintiffs and Collective Action Plaintiffs, and with a conscious disregard for their rights and Brigantine's obligations under the FLSA, all of which have deprived Named Plaintiffs and Collective Action Plaintiffs of their property and legal rights. Therefore, Named Plaintiffs and Collective Action Plaintiffs are entitled to recover their lost tip income from Brigantine within the three years before the filing of this Complaint, and within the three years before each Collective Action Plaintiff joins this action, in amounts according to proof at time of trial, in addition to other relief provided by the FLSA.

21. Named Plaintiffs and Collective Action Plaintiffs allege that Brigantine will continue to apply the foregoing unlawful policies and practices to certain of them who are still employed by Brigantine, and to certain individuals who will in the future become employed by Brigantine. Such employees have been injured and damaged, are threatened with further injury and damage, and are thus threatened with immediate irreparable harm by the continuation of Brigantine's unlawful actions as heretofore alleged, and have no complete adequate remedy at law. Therefore, Named Plaintiffs and Collective Action Plaintiffs request this Court enter an order reflecting appropriate equitable relief to prevent Brigantine from committing such acts in the future.

22. WHEREFORE, Named Plaintiffs and Collective Action Plaintiffs request relief as herein provided.

///

///

///

# COUNT TWO:

# UNFAIR BUSINESS PRACTICES IN VIOLATION OF

# CALIFORNIA BUSINESS AND PROFESSIONS CODE

# SECTIONS 17200, ET SEQ.

**(By Named Plaintiffs and All Class Action Plaintiffs, Against Brigantine)**

23. Plaintiffs hereby reallege, and incorporate by reference in this Count, as though set forth fully herein, the allegations contained above. This Count is pled by Named Plaintiffs and all Class Action Plaintiffs, against Brigantine.

24. Brigantine engages in business practices, offers goods and services for sale, and advertises goods and services for sale within the State of California. As such, Brigantine has a duty to comply with the provisions of the Unfair Business Practices Act as set forth in California Business & Professions Code Sections 17200, et seq., which Act prohibits, inter alia, unlawful, unfair, and/or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising by any person, firm, corporation, or association within the jurisdiction of the State of California.

25. By violating the FLSA as alleged, and by failing to take immediate and appropriate measures to address these violations, Brigantine's acts constitute unfair business practices under California Business and Professions Code sections 17200, et seq. Brigantine's violations of the FLSA, and by extension, California Business and Professions Code sections 17200, et seq., constitute an unfair business practice because the acts have been done repeatedly over a significant period of time throughout the State of California, and in a systematic manner to the detriment of the Named Plaintiffs and Class Action Plaintiffs.

26. As a direct, foreseeable, and proximate result of Brigantine's acts and omissions alleged herein, for the four years preceding the filing of this action Named Plaintiffs and Class Action Plaintiffs have suffered damages, and Brigantine has also been unjustly enriched as a result of unfair business practices. Named Plaintiffs and

1  Class Action Plaintiffs therefore request restitution of all lost tip monies, and potential profits Brigantine gained by its unfair actions, to be disgorged from Brigantine in an amount according to proof at time of trial.

27. Brigantine has applied, is applying, and will apply the foregoing unfair business policies and practices to certain of its employees who are still employed, and to certain individuals who will in the future become employed by Brigantine. Such employees have been injured and damaged, and are threatened with further injury and damage by Brigantine's actions as alleged, and are thus threatened with immediate irreparable harm by the continuation of Brigantine's actions as heretofore alleged, and have no complete adequate remedy at law. Therefore, Named Plaintiffs and Class Action Plaintiffs request the Court enter an order reflecting appropriate injunctive relief to prevent Brigantine from committing such acts in the future.

28. WHEREFORE, Named Plaintiffs and Class Action Plaintiffs request relief as herein provided.

## COUNT THREE:
## UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF
## CALIFORNIA BUSINESS AND PROFESSIONS CODE
## SECTIONS 17200, ET SEQ.
**(By Named Plaintiffs and All Class Action Plaintiffs, Against Brigantine)**

29. Plaintiffs hereby reallege, and incorporate by reference in this Count, as though set forth fully herein, the allegations contained above. This Count is pled by Named Plaintiffs and all Class Action Plaintiffs, against Brigantine.

30. Brigantine engages in business practices, offers goods and services for sale, and advertises goods and services for sale within the State of California. As such, Brigantine has a duty to comply with the provisions of the Unfair Business Practices Act as set forth in California Business & Professions Code Sections 17200, et seq., which Act prohibits, inter alia, unlawful, unfair, and/or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising by any

person, firm, corporation, or association within the jurisdiction of the State of California.

31. By violating the FLSA as alleged, and by failing to take immediate and appropriate measures to address these violations, Brigantine's acts constitute unlawful business practices under California Business and Professions Code sections 17200, et seq. Brigantine's violations of the FLSA, and by extension, California Business and Professions Code sections 17200, et seq., constitute an unlawful business practice because the acts have been done repeatedly over a significant period of time throughout the State of California, and in a systematic manner to the detriment of the Named Plaintiffs and Class Action Plaintiffs.

32. As a direct, foreseeable, and proximate result of Brigantine's acts and omissions alleged herein, for the four years preceding the filing of this action Named Plaintiffs and Class Action Plaintiffs have suffered damages, and Brigantine has also been unjustly enriched as a result of unlawful business practices. Named Plaintiffs and Class Action Plaintiffs therefore request restitution of all lost tip monies, and potential profits Brigantine gained by its unlawful actions, to be disgorged from Brigantine in an amount according to proof at time of trial.

33. Brigantine has applied, is applying, and will apply the foregoing unlawful business policies and practices to certain of its employees who are still employed, and to certain individuals who will in the future become employed by Brigantine. Such employees have been injured and damaged, and are threatened with further injury and damage by Brigantine's actions as alleged, and are thus threatened with immediate irreparable harm by the continuation of Brigantine's actions as heretofore alleged, and have no complete adequate remedy at law. Therefore, Named Plaintiffs and Class Action Plaintiffs request the Court enter an order reflecting appropriate injunctive relief to prevent Brigantine from committing such acts in the future.

34. WHEREFORE, Named Plaintiffs and Class Action Plaintiffs request

relief as herein provided.

## IV. PRAYER FOR RELIEF

35. Plaintiffs reallege and incorporate by reference in this Section as though set forth fully herein, the allegations above.

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For nominal damages;
2. For actual damages;
3. For compensatory damages;
4. For restitution of all tips, monies and other damages due to all Plaintiffs;
5. For disgorged profits from the unfair and unlawful business practices of Brigantine;
6. For interest accrued to date;
7. For costs of suit and expenses incurred;
8. For penalties pursuant to 29 U.S.C. section 216(b);
9. For reasonable attorneys' fees pursuant to 29 U.S.C. section 216(b) and California Code of Civil Procedure section 1021.5;
10. For appropriate injunctive relief;
11. For appropriate equitable relief;
12. For all such other and further relief that the Court may deem just and proper.

Respectfully submitted,


Dated: February 22, 2017  **POPE, BERGER, WILLIAMS & REYNOLDS, LLP**

By: */s/ Timothy G. Williams*
Timothy G. Williams
Stephanie Reynolds
Attorneys for Plaintiffs NEAL PATAKY, JESSICA CLEEK, and LAUREN MICHELSON, individually, and on behalf of others similarly situated

# DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and CivLR38.1, Plaintiffs NEAL PATAKY, JESSICA CLEEK, and LAUREN MICHELSON, individually, and on behalf of others similarly situated, hereby demand a jury trial.

Respectfully submitted,

Dated: February 22, 2017  **POPE, BERGER, WILLIAMS & REYNOLDS, LLP**

By: */s/ Timothy G. Williams*
Timothy G. Williams
Stephanie Reynolds
Attorneys for Plaintiffs NEAL PATAKY, JESSICA CLEEK, and LAUREN MICHELSON, individually, and on behalf of others similarly situated