UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEAL PATAKY, JESSICA CLEEK, and LAUREN MICHELSON, individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE BRIGANTINE, INC., a California corporation,<br><br>Defendant. | Case No.:  3:17-cv-00352-GPC-AGS<br><br>**ORDER GRANTING PLAINTIFFS' EX PARTE MOTION FOR APPROVAL OF:**<br><br>**(1) FILING OF CERTAIN FLSA JOINDER NOTICES**<br><br>**(2) MAILING OF FLSA JOINDER NOTICES TO NEWLY DISCOVERED POTENTIAL CLASS MEMBERS**<br><br>**[ECF No. 65.]** |

On May 16, 2017, this Court entered an order regarding notice to FLSA class members requiring that Plaintiff's counsel file all Consent to Join forms received containing a postmark that is no later than sixty days from the initial mailing date.  (Dkt No. 27.)  Under the Court's order all consent to join forms should have been filed by July 31, 2017.  Plaintiffs' counsel subsequently received four additional consent forms with postmarks between August 1-August 3, 2017 from potential plaintiffs Israel Dominguez, Crystal Hogan, John Manley, and Misty Perkins ("Additional Plaintiffs").

On September 26, 2017, Plaintiffs filed an ex parte motion to approve the filing of the four August forms. (Dkt No. 65.) Defendants filed a notice of opposition to the Ex Parte Motion on September 26, 2017, and filed a response on September 29, 2017. (Dkt No. 66-67.) On September 29, 2017, the Court ordered directed plaintiffs to file a supplemental brief addressing the *Helton* factors. (Dkt No. 68). Plaintiffs filed this brief on October 3, 2017. (Dkt No. 69.)

## I.  Late Consent to Join Forms

In determining whether a late opt-in consent to join form should be deemed timely in an FLSA action, courts consider: (1) whether "good cause" exists for untimeliness; (2) prejudice to the defendant; (3) how late the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA. *Helton v. Factor 5, Inc.*, No. C 10-04927 SBA, 2014 WL 1725734, at *3 (N.D. Cal. Apr. 29, 2014).

The Court will excuse the untimeliness of the four additional plaintiffs who sent consent to join forms postmarked after the July 31, 2017 deadline. Good cause exists to excuse the untimeliness as the delay at issue here was not due to any fault of counsel.[1] Moreover, Defendants are not seriously prejudiced by the addition of only four plaintiffs to an existing class of 118 individuals and allowing the additional plaintiffs to join is consistent with a broad reading of the FLSA in favor of coverage. *Kelley v. Alamo,* 964 F.2d 747, 749–750 (8th Cir. 1992) ("The FLSA ... is a remedial statute that has been construed liberally to apply to the furthest reaches consistent with congressional direction. A generous reading, in favor of those whom congress intended to benefit from the law, is also appropriate when considering issues of time limits and deadlines.")

Most importantly, the Court will excuse the minor untimeliness because the postmarks of the late forms are dated August 1, 2, and 3, 2017, merely a few days after

---

[1] Counsel appears to have engaged in a good faith attempt to meet and confer with opposing counsel to submit this request as a joint motion prior to filing this ex parte motion. (Dkt. No. 65, Exs. 2-4.)

the July 31, 2017 deadline.[2] (Supp. Br. at 2.)  Moreover, each additional plaintiff appears to have signed their consent to join form on or prior to the deadline.  *See* (Dkt No. 65-1) (listing 6/10/2017, 7/27/2017, 7/31/2017, 7/31/2017 as the dates the consent to join forms were signed).  Finally, judicial economy warrants inclusion of the additional plaintiffs in the current class of 118 individuals in this case.  Four additional separately filed but substantively similar actions would not be in the interest of judicial economy.  *See* (Supp. Br. at 3.)

Accordingly, the Court will excuse the minor tardiness of the additional plaintiffs. *See In Re Wells Fargo Home Mortgage Overtime Pay Litigation,* 2008 WL 4712769 at *2 (N.D. Cal. 2008) (rejecting a "rigid application of a 'good cause' standard" because it "does not fully respond to the various factors with which the court must concern itself" such as prejudice to the defendant); *Helton*, 2014 WL 1725734, at *4 (allowing ten tardy opt-in plaintiffs to join FLSA).

The Court Orders Plaintiffs' counsel to immediately file the four additional Consent to Join forms from FLSA class members: (1) Israel Dominguez; (2) Crystal Hogan; (3) John Manley; and (4) Misty Perkins.

## II.  Notice to Newly Discovered Class Members

Plaintiff also requests to send notice to newly discovered class members. Defendant does not oppose this motion. (Dkt No. 65 at 3.)  For the reasons stated in the motion and based on the supporting documents, and there being no opposition by Defendant, THE BRIGANTINE, INC., the Court also Orders Plaintiffs' counsel to commence a notice mailing within ten days, consistent with this Court's May 16, 2017 Order, to: (1) Gustavo Sanchez; (2) Jeffrey Yellen; (3) Fausto Rodriguez; (4) Forrest Gittins; and (5) Kyle Herring. Plaintiffs' counsel shall notify Defendant's counsel of the

---

[2] The Court recognizes that the exact phrasing in *Helton* is "how late the consent forms were filed." *Helton*, 2014 WL 1725734.  Since plaintiffs are requesting permission to file and have not yet filed these forms, the Court will consider the extent of the additional plaintiffs' tardiness as the critical inquiry for this factor.

date this mailing begins. Plaintiffs' counsel shall file all Consent to Join forms it receives containing a postmark that is no later than sixty days from the initial mailing date to these five individuals.

**IT IS SO ORDERED.**

Dated:  October 3, 2017

Hon. Gonzalo P. Curiel
United States District Judge